UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Devodus Rouse, | ) C/A No. 4:26-01892-RMG-TER |
| Plaintiff, | ) |
| | ) |
| vs. | ) Report and Recommendation |
| | ) |
| Joel Anderson, | ) |
| Defendant. | ) |
| _____ | ) |

The sole issue in this Report and Recommendation is whether Plaintiff should be required to pay the filing fee, or whether his financial condition justifies waiver of the filing fee.

Plaintiff is a state prisoner proceeding *pro se*. Plaintiff has filed an Application to Proceed Without Prepaying Fees or Costs (AO 240), also known as an application to proceed *in forma pauperis*. In his application, Plaintiff states under penalty of perjury that he has cash or checking or savings accounts in the amount of zero dollars. (ECF No. 2). However, SCDC's financial certificate shows $7,353.73. (ECF No. 2).

This information raises questions over the application to proceed without prepayment of fees. A litigant is not required to show that he is completely destitute in order to qualify as an indigent within the meaning of 28 U.S.C. § 1915(a). *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 337-44 (1948). Grants or denials of applications to proceed *in forma pauperis* are left to the discretion of federal district courts. *See Dillard v. Liberty Loan Corp.*, 626 F.2d 363, 364 (4th Cir. 1980).

One district court has observed that the appropriate disposition of § 1915 applications is not always clear: "'[T]here are no 'magic formulas' for making the determination that the requisite in forma pauperis status is present, but instead, there is required a careful scrutiny and weighing of all of the relevant facts and circumstances involved in each particular situation.'" *Carter v. Telectron,*

*Inc.*, 452 F. Supp. 939, 942 (S.D. Tex. 1976) (quotation and internal citation omitted).  In *Carter*,

the district court, citing *Adkins* and cases in the Third and Fifth Circuits, set forth three legal tests

that this court[1] has also used to evaluate *in forma pauperis* applications, in exercising their discretion

under 28 U.S.C. § 1915(a):

> (1) Is the litigant "barred from the Federal Courts by reason of his impecunity?"
> (2) Is his "access to the courts blocked by the imposition of an undue hardship?"
> (3) Is the litigant "forced to contribute his last dollar, or render himself destitute to prosecute his claim?"

452 F. Supp. at 943.

Upon a review of all the information before the Court, mindful of the tests set forth in

*Carter*, it does not appear that Plaintiff would be barred from the federal courts because he simply

does not have the money for the total of the filing fee of $350.00 plus $55 administrative fee, nor

that paying that fee would effectively block his access to the courts by imposing on him an "undue

hardship," nor that the fee would wring from him his last dollar or essentially render him destitute.

Hence, Plaintiff must "'confront the initial dilemma which faces most other potential civil litigants:

Is the merit of the claim worth the cost of pursuing it?'"  *Carter*, 452 F. Supp. at 944 (internal

citation omitted).

---

[1] *See e.g., Cabbil v. U.S.*, 2015 WL6905072 (D.S.C. Nov. 9, 2015), *Stritzinger v. Delaware*, 2015 WL 5965268 (D.S.C. Oct 13, 2015).

## RECOMMENDATION

On the sole issue of this Report and Recommendation, it is recommended that the Application to Proceed Without Prepayment of Fees be denied and upon adoption of this report by the district judge that Plaintiff be ordered to pay the $350 filing fee and the  administrative fee of $55 within 14 days of adoption.

s/ Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

May 13, 2026
Florence, South Carolina

**Plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).